IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ELSA MARTINEZ FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV989 |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants United States of America and the Drug Enforcement Administration's (DEA) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[1] (Docket Entry 12.) Plaintiff has not responded to the motion, despite receiving two extensions of time, and the time to do so has expired. The motion is therefore ripe for disposition. For the following reasons, the court recommends that Defendants' motion to dismiss be granted.

## PROCEDURAL POSTURE

On November 5, 2013, Elsa Martinez Flores ("Plaintiff"), proceeding *pro se*, filed a Motion to Set Aside Declaration of Forfeiture and Compel Return of Seized Property. (Docket Entry 1.) In her Motion, Plaintiff alleges that $6,500 in United States Currency was seized from her home by DEA agents on July 28, 2011. Plaintiff alleges that the seizure

---

[1] In her motion, Plaintiff named only the United States as a Respondent/Defendant. However, the DEA is clearly a party in interest here and the Court accordingly includes it in the caption and as a party in the action as a whole.

occurred pursuant to the arrest of her boyfriend, Manuel Camacho Garcia, who was subsequently convicted of conspiracy to distribute narcotics in this court. (*See United States v. Garcia*, Case No. 1:11CR253-3, M.D.N.C., filed November 5, 2013.) Plaintiff alleges that the currency seized belonged to her, not to Garcia, and that the money should be returned to her because she did not receive notice of the administrative forfeiture proceeding. Defendants filed a timely motion to dismiss on December 31, 2014. As noted, Plaintiff has not responded to the motion.

## FACTUAL BACKGROUND

On July 25, 2011, Manuelo Garcia was indicted in the Middle District of North Carolina for violations of 21 U.S.C. § 841 (a)(1). On July 28, 2011, Garcia was arrested by members of the DEA and Caswell County Sheriff's Office at his residence in Yanceyville, North Carolina. During the arrest and protective sweep of the residence, Garcia gave consent for a search of the residence and vehicles in the driveway. The law enforcement officers then searched the residence and discovered $6,500 in U.S. currency, as well as a .45 caliber handgun. The DEA subsequently adopted the seizure of the currency and submitted a forfeiture report to DEA's acting Forfeiture Counsel. After reviewing the case, the DEA accepted the case for administrative forfeiture pursuant to 21 U.S.C. § 881(a), which generally authorizes forfeiture of the proceeds of illegal narcotics and funds intended to be furnished in exchange for illegal narcotics.

On August 16, 2011, the DEA sent notice of forfeiture to Manuel Camacho Garcia aka Rigoberto Martines Cruz at 477 Cherry Grove Road, Yanceyville, NC via certified mail, return receipt requested. The notice was accepted and signed for by "Elsa Martinez"

(Plaintiff) on August 20, 2011. Additionally, on the same date, the DEA sent notice of forfeiture to Garcia at the Alamance County Jail by certified mail. This notice was accepted and signed for by "J. Lloyd" on August 18, 2011. The mailed notices stated that the deadline to file a claim was September 30, 2011. The DEA then published notice, pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75, in the Wall Street Journal for three consecutive weeks in August and September 2011. If the mailed notice was not received, the published notice stated that the deadline to file a claim was October 13, 2011. The published and mailed notices also explained the option of filing a petition for remission or mitigation of forfeiture.

On October 27, 2011, after the time limit for filing a claim had expired, and in the absence of a properly executed claim, the DEA forfeited the amount of $6,500.00 to the United States under authority of 19 U.S.C. § 1609.

On May 2, 2012, the DEA received a claim for seized property from Eugene C. Lester, III on behalf of Elsa Martinez. On the same dare, the DEA received a second claim for seized property from Eugene C. Lester, III, on behalf of Elsa Martinez, at its remote mail facility in Quantico, Virginia. Both of these claims included a copy of the DEA Notice of Seizure dated August 16, 2011, which indicated that the last day to file a claim was September 20, 2011, and which was received and accepted by Elsa Martinez on August 20, 2011.

On May 10, 2012, the DEA rejected the claim of Elsa Martinez as untimely. The DEA sent notice of the decision to Eugene C. Lester by certified mail.

3

Plaintiff filed the current action on November 5, 2013, alleging that the forfeiture should be set aside because she did not receive notice of the administrative forfeiture proceeding. The DEA received the Summons and Motion on July 9, 2014. (See Docket Entry 11.)

**DISCUSSION**

In support of their motion, Defendants have presented material outside the pleadings. A motion to dismiss should be construed as one for summary judgment if matters outside the pleadings "are presented to and not excluded by the court." FED. R. CIV. P. 12 (d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Here, the Clerk of Court mailed the standard *Roseboro* letter to Plaintiff on December 31, 2014, notifying her that the motion to dismiss had been filed, and that it "may or may not be supported by an affidavit." The letter informed Plaintiff of her right to file a response in opposition, "accompanied by counter affidavits," and that she also could submit other responsive material. Plaintiff was further notified that uncontested motions are ordinarily granted. (*See Roseboro* letter, Docket Entry 14.) Plaintiff received one extensions of time (Docket Entry 16), but she never filed a response to the motion.

An uncontested motion for summary judgment is not automatically granted. *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994). Rather, the moving party's facts are deemed uncontroverted, and the court determines whether the moving party is entitled to a judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410 416 (4th

Cir. 1993) (the moving party still must show that the facts entitle him to a judgment as a matter of law).

Plaintiff alleges in her motion that the DEA failed to provide notice to her of the forfeiture and of her right to file a motion to set aside the forfeiture. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") governs federal nonjudicial forfeiture actions initiated after August 23, 2000. 18 U.S.C. § 983(e)(5). The procedure to challenge closed civil forfeiture proceedings on the grounds of defective notice is set forth in the statute:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(2000).[2]

Under Section 983(e), therefore, a court may review nonjudicial civil forfeitures only for violations of due process. *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (claimant may only seek relief under section 983(e) when the Government has failed to comply with the notice requirements; he may not challenge the forfeitability of the property); *United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004) (section 983(e) is the exclusive remedy for challenging an administrative forfeiture that was commenced on or after the effective date of CAFRA); *McKinney v. U.S. Dep't of Justice*, 580 F. Supp. 2d 1, 4

---

[2] For a full discussion of civil forfeiture proceedings and CAFRA, *see City of Concord v. Robinson*, 914 F. Supp. 2d 696, 702-09 (M.D.N.C. 2012).

(D.D.C. 2008) (district court lacks jurisdiction to review an administrative forfeiture other than pursuant to section 983(e) because Congress has not otherwise waived sovereign immunity); *Folks v. U.S. DEA*, No. 1:05CV389, 2006 WL 3096687, *2 (M.D.N.C. Oct. 25, 2006) (CAFRA is the exclusive remedy for challenges to an administrative forfeiture.").

The central question in this case is whether the government took "reasonable steps" under § 983(e)(1)(A) to provide Plaintiff with the requisite notice. "The notice of forfeiture must satisfy constitutional due process." *United States v. Talouzi*, No. 11-74, 2012 WL 4514204, at *2 (S.D. W.Va. Oct. 2, 2012). Challenges to the adequacy of notice of administrative forfeiture proceedings are rooted in the Fourth and Fifth Amendments to the Constitution. *See United States v. Minor*, 228 F.3d 352, 356 (4th Cir. 2000). "The adequacy of notice of an impending forfeiture is thus a matter of obvious constitutional magnitude." *Id.*, (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). However, due process does not require actual notice or actual receipt of notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Instead, it requires notice "'reasonably calculated'" under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Dusenbery v. United States*, 534 U.S. 161, 170-71 (2002) (citing *Mullane*, 339 U.S. at 314-15). Moreover, the government is not required to make "heroic efforts" at notice. *Dusenbery*, 534 U.S. at 170.

In the instant case, the government sent a notice to Garcia at his residence, where Plaintiff also resided. Plaintiff accepted and signed for the certified mail from the DEA to Garcia on August 20, 2011. The notice clearly indicated that interested parties could file a claim, or petition, or both. Plaintiff did neither within the time period allowed under the

6

statute. Because the government complied with the requirements of the statute, the Court finds that the declaration of forfeiture should not be set aside.

Additionally, even if Plaintiff could satisfy the first prong of § 983(e)(1), she likely could not show, under § 983(e)(1)(B) that she "did not know or have reason to know of the seizure within sufficient time to file a timely claim." Plaintiff was clearly aware of the seizure, as evidenced by the averments of her motion. Moreover, when Plaintiff sent a claim to the DEA more than eight months after the forfeiture, it included a copy of the DEA Notice of Seizure dated August 6, 2011, which indicated that the last day to file a claim was September 20, 2011. Plaintiff was clearly aware of the seizure and had proper statutory notice of the forfeiture.[3]

**CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that Defendants' motion (Docket Entry 12) be **GRANTED** and that judgment be entered for Defendants.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
April 30, 2015

---

[3] If Plaintiff contended that the money seized did not constitute drug proceeds, her remedy was to respond to the notice sent by the DEA in August 2011 and to contest the forfeiture in the proceedings described therein. Her failure to do so extinguished her rights in the seized funds. *See City of Concord*, 914 F. Supp. 2d at 713. Moreover, as noted by Defendants, even if Plaintiff's claim had merit, she would not be entitled to return of the property. Pursuant to § 983(e)(2)(A), "if the court granted a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2)(A).